**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1564

MICHAEL D. MICHAEL, as the Administrator of the Estate of Jack D. Michael; JUDITH A. KUHN, as the Administratrix for the Estate of Paul F. Henderson et al.,

        Plaintiffs - Appellants,

    v.

CONSOLIDATION COAL COMPANY, a Delaware Company,

        Defendant - Appellee,

    and

ESTATE OF ALEX KOVARBASICH, By and through Albert F. Marano, Sheriff of Harrison County as administrator for the estates of Alex Kovarbasich,

        Defendant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:14-cv-00212-IMK-JES)

Argued: May 9, 2018                                                         Decided: August 15, 2018

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

Questions certified to the Supreme Court of Appeals of West Virginia by unpublished order.  Judge Keenan directed entry of the order with the concurrences of Chief Judge Gregory and Judge Motz.

**ARGUED:** Scott Sumner Segal, SEGAL LAW FIRM, Charleston, West Virginia, for Appellants.  William Henry Jernigan, DINSMORE & SHOHL LLP, Charleston, West Virginia, for Appellee.  **ON BRIEF:** Timothy C. Bailey, BAILEY, JAVINS & CARTER, LC, Charleston, West Virginia; Mark A. Barney, BARNEY LAW PLLC, Hurricane, West Virginia; Samuel A. Hrko, BAILEY & GLASSER, LLP, Charleston, West Virginia; C. Paul Estep, Steven L. Shaffer, ESTEP & SHAFFER, LC, Kingwood, West Virginia, for Appellants.  William E. Robinson, Alex M. Greenberg, Christopher M. Jones, DINSMORE & SHOHL LLP, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

ORDER

BARBARA MILANO KEENAN, Circuit Judge:

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded by the State of West Virginia through the Uniform Certification of Questions of Law Act, West Virginia Code §§ 51–1A–1 through 51–1A–13, requests that the Supreme Court of Appeals of West Virginia exercise its discretion to answer the following questions:

(1) Is a fraudulent concealment claim, as set forth in *Kessel v. Leavitt*, 511 S.E.2d 720 (W. Va. 1998), cognizable when the alleged injury was the plaintiffs' loss of a timely claim for wrongful death under West Virginia Code §§ 55-7-5, 55-7-6 (1967)?

(2) If the answer to Question (1) is yes: Under the West Virginia discovery rule, does the statute of limitations for a fraudulent concealment claim begin to run against a corporate entity when a plaintiff (A) learns that the entity concealed the intentional act of an unidentified individual, which resulted in the death of other employees at the entity's workplace; or (B) discovers that the entity concealed both the intentional act and the identity of a particular employee, who allegedly acted at the direction of the entity, resulting in the death of other employees at the workplace?

This Court acknowledges that the Supreme Court of Appeals may restate these questions. *See* W. Va. Code §§ 51–1A–4, 51–1A–6(a)(3). In our view, there is no controlling appellate decision, constitutional provision, or statute of West Virginia that answers these questions. Accordingly, we conclude that the questions are appropriate for certification. *See id.* § 51–1A–3.

3

I.

The plaintiffs in this class action are the survivors of 78 coal miners killed in an explosion at the Consol No. 9 coal mine in Farmington, West Virginia on November 20, 1968. The explosion was caused by excessive accumulation of methane gas in the mine. The plaintiffs alleged that an employee of Mountaineer Coal Company, a wholly owned subsidiary of defendant Consolidation Coal Company that operated the mine under the direction of and control of Consolidation Coal, deliberately rendered inoperable a mine safety system resulting in the miners' deaths. This safety system would have shut down electric power in the mine when ventilation was inadequate, and would have alerted miners to this dangerous condition.

Federal and state officials investigated the cause of the explosion for over two decades. In September 1970, Larry Layne, an inspector for the United States Department of Labor, Mine Safety and Health Administration (MSHA), drafted a memorandum (the Layne memorandum) stating that an unnamed electrician had reported to him that the safety system "had been rendered inoperable before the explosion . . . [and] had been bridged with jumper wires; therefore when the [ventilation] fan would stop or slow down, there was no way of anyone knowing about it because the alarm signal was bypassed." Layne omitted the reporting electrician's name from the memorandum at the electrician's request. The Layne memorandum was not discovered by the plaintiffs until 2008.

While federal and state authorities continued to investigate the cause of the explosion, the estates of several of the deceased miners filed three separate lawsuits against Consolidation Coal. The claims of the estates in the first two lawsuits were

dismissed. In the third case, the estates alleged, among other things, that Consolidation Coal had concealed the cause of the explosion. A settlement ultimately was reached in that case. At the time of all these lawsuits, the plaintiffs were not aware that anyone had acted intentionally to disable the mine safety system.

In March 1990, the MSHA issued a report detailing the results of its investigation. The report concluded that an accumulation of methane gas in the mine due to "inadequate ventilation and the lack of sufficient ventilation controls" had contributed to the explosion. The MSHA also found that the safety system "was not operating properly at the time the explosion occurred, as mining operations continued . . . after the explosion."

As noted above, the plaintiffs became aware of the Layne memorandum in 2008. And in 2009, the plaintiffs discovered a copy of a fan recording chart that allegedly had been removed from the mine shortly after the explosion, and had been altered purportedly in an attempt to conceal Consolidation Coal's culpability in the explosion.

On June 9, 2014, the plaintiffs first learned that the individual who had intentionally disabled the safety system was Alex Kovarbasich, the chief electrician at the mine and "a member of mine management." The plaintiffs alleged that Kovarbasich was "acting under the direction and control of" Consolidation Coal when he tampered with the safety system.

The plaintiffs filed the present action in the Circuit Court of Marion County, West Virginia on November 6, 2014, against the Estate of Alex Kovarbasich[1] and Consolidation Coal. The defendants removed the case to the United States District Court for the Northern District of West Virginia.

The plaintiffs alleged a single claim for "fraud, concealment and nondisclosure," claiming that Consolidation Coal deliberately concealed the fact that Kovarbasich disabled the safety system and, thus, concealed the true causes of the explosion. The plaintiffs contended that this act of fraudulent concealment "deprived [them] of their right to obtain relief against defendants under West Virginia's wrongful death statute[,] W. Va. Code § 55-[7]-6 (1967)." Accordingly, the plaintiffs sought damages under West Virginia Code § 55-7-6 (1967), in the amount of $110,000 "per class member for the wrongful death of each deceased coal miner," plus punitive damages.

The district court dismissed the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). With regard to the plaintiffs' claim for fraudulent concealment, the district court held that West Virginia never has recognized a fraudulent concealment claim involving a wrongful death. The court further concluded that even if such a claim were cognizable, the fraudulent concealment claim was barred by the two-year statute of limitations of West Virginia Code § 55-2-12, because the plaintiffs learned in 2008, six years before filing suit, that the mine safety system intentionally had been disabled. The plaintiffs appealed.

---

[1] Kovarbasich died in 1992. The district court dismissed Kovarbasich's estate from the case, and that decision is not at issue in this appeal.

II.

A.

Acknowledging the lack of analogous precedent, the plaintiffs assert that they have alleged all the elements of a fraudulent concealment claim under West Virginia law, namely, that Consolidation Coal engaged in "the active concealment of information from [the plaintiffs] with the intent to thwart [the plaintiffs'] efforts to conduct an investigation, relating to such information." *Kessel v. Leavitt*, 511 S.E.2d 720, 753 (W. Va. 1998). And the plaintiffs emphasize that, under West Virginia law, "a lack of precedent—standing alone—is an insufficient reason to deny a cause of action." *Id.* at 755 (quoting *Farley v. Sartin*, 466 S.E.2d 522, 533 (1995)).

In response, Consolidation Coal maintains that West Virginia does not recognize an independent claim for fraudulent concealment when the damage resulting from the alleged concealment was the plaintiffs' loss of a timely wrongful death claim. In Consolidation Coal's view, any claim related to a wrongful death may only be brought under the wrongful death statute, W. Va. Code §§ 55-7-5, 55-7-6.

We have not found any West Virginia authority that definitively answers the question presented. Thus, we conclude that the question whether a fraudulent concealment claim is cognizable under West Virginia law when the alleged damage sustained was the loss of a timely claim for wrongful death warrants certification to the Supreme Court of Appeals of West Virginia.

B.

The plaintiffs also argue that their claim did not accrue until 2014, when they first learned that Kovarbasich was the individual who disabled the safety system. In the plaintiffs' view, they were required to allege that the person who allegedly caused the miners' deaths by disabling the safety system was a member of "mine management," who had undertaken the act at the direction of Consolidation Coal. Thus, the plaintiffs argue that until they knew the identity and employment status of the individual wrongdoer, they could not allege a sufficient claim that Consolidation Coal acted to "cover up" its own transgression by concealing evidence of Kovarbasich's conduct.

In response, Consolidation Coal argues that even if the plaintiffs' fraudulent concealment claim is cognizable under West Virginia law, the claim is barred by the two-year statute of limitations provided in West Virginia Code § 55-2-12. Consolidation Coal contends that, at the latest, the plaintiffs' action accrued when they discovered the Layne memorandum in 2008, thus rendering untimely the plaintiffs' fraudulent concealment claim filed in 2014. According to Consolidation Coal, the plaintiffs could have brought a fraudulent concealment claim when they knew in 2008 that the safety system in the mine intentionally had been disabled.

Claims for fraudulent concealment in West Virginia are subject to a two-year statute of limitations. *See* W. Va. Code § 55-2-12. Under West Virginia's discovery rule, the limitations period begins to run when a plaintiff "knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action," namely, "(1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached

8

that duty, and (3) that the conduct of that entity has a causal relation to the injury." *Dunn v. Rockwell*, 689 S.E.2d 255, 262, 265 (W. Va. 2009) (quoting Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901 (W. Va. 1997)).

In the present case, it is not clear for purposes of applying the discovery rule, whether the plaintiffs "knew, or by the exercise of reasonable diligence should have known, of the elements of a possible" fraudulent concealment claim (1) when they learned in 2008 that the safety system intentionally was disabled by an individual in the Consolidation Coal mine; or (2) when they discovered in 2014 that the individual who disabled the system was a member of mine management allegedly acting under the direction of Consolidation Coal. *Id.* at 265. Under the argument advanced by the plaintiffs, a claimant would not know whether he had a potential fraudulent concealment claim against a corporate entity until he also knew, or had reason to know, that the person who had sabotaged the mine safety system acted at the direction of the corporate entity. Thus, the plaintiffs maintain that they did not know, and by the exercise of reasonable diligence would not have known, of this element of their fraudulent concealment action until they learned that an employee acting at the direction of Consolidation Coal had caused the miners' deaths. Rejecting this argument advanced by the plaintiffs, the district court concluded that the plaintiffs could have asserted any fraudulent concealment claim against Consolidation Coal in 2008, when the plaintiffs learned from the Layne memorandum that the safety system intentionally had been "bypassed," and that Consolidation Coal had concealed this fact.

We have not found any West Virginia authority that definitively answers this question concerning application of West Virginia's discovery rule. We therefore conclude that the second question stated above likewise warrants certification to the Supreme Court of Appeals of West Virginia.

III.

Under the privilege made available by the West Virginia Uniform Certification of Questions of Law Act, it is hereby ORDERED: (1) That the questions stated above be, and the same hereby are, certified to the Supreme Court of Appeals of West Virginia; (2) that the Clerk of this Court forward to the Supreme Court of Appeals of West Virginia, under the official seal of this Court, a copy of this order and, to the extent requested by the Supreme Court of Appeals of West Virginia, the original or a copy of the record in this Court; and (3) that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Appeals.

The names and addresses of counsel of record for the parties are:

Counsel for the plaintiffs, Michael D. Michael, *et al.*

Scott S. Segal
Segal Law Firm
810 Kanawha Boulevard, East
Charleston, WV 25301

Timothy C. Bailey
Bailey, Javins & Carter, LC
P. O. Box 3712
Charleston, WV 25337

10

Mark Andrew Barney
Barney Law PLLC
P. O. Box 505
Hurrican, WV 25526

Connard Paul Estep
Estep & Shaffer, LC
212 West Main Street
Kingwood, WV 26537

Samuel A. Hrko
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

Counsel for the defendant, Consolidation Coal Company

William H. Jernigan
Dinsmore & Shohl LLP
P.O. Box 11887
Suite 600
Charleston, WV 25339

Alex Manuel Greenberg
Dinsmore & Shohl LLP
Suite 310
215 Don Knotts Boulevard
Morgantown, WV 26501

Christopher Michael Jones
Dinsmore & Shohl LLP
Suite 310
215 Don Knotts Boulevard
Morgantown, WV 26501

William E. Robinson
P. O. Box 11887
Charleston, WV 25339

This Order is entered by Circuit Judge Keenan with the concurrences of Chief Judge Gregory and Judge Motz.

*QUESTIONS CERTIFIED*

12